IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CONSOLIDATED COMMERCIAL CONTROLS, INC. d/b/a ALLPOINTS FOODSERVICE PARTS & SUPPLIES, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 08 CV 4388 |
| v. | ) ) | Judge Virginia Kendall |
| 5 STAR SUPPLY LLC, 5 STAR MANAGEMENT GROUP, LLC, LINDA A. WILLIAMS, CLIFFORD G. WILLIAMS II, STEPHEN J. PURSEL, PHILIP J. CARUSO, AND ROBERT G. MASTROFRANCESCO, | ) ) ) ) ) ) ) | Magistrate Judge Michael T. Mason |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR
PRESERVATION ORDER AND FORENSIC EXAMINATION**

Plaintiff Consolidated Commercial Controls, Inc. d/b/a AllPoints Foodservice Parts & Supplies ("CCC"), by its attorneys, moves the Court for an order requiring Defendants Linda A. Williams, Clifford G. Williams II, Stephen J. Pursel, Philip J. Caruso, and Robert G. Mastrofrancesco (the "Individual Defendants"), 5 Star Supply LLC, and 5 Star Management Group, LLC (collectively, "5 Star"), and all persons acting in concert or participation with Defendants, to preserve all electronically stored information potentially discoverable in this case, including, without limitation, certain portable memory devices used by the Individual Defendants during their employment with CCC, and prevent the destruction of any such information. To avoid spoliation of such electronic stored information, CCC further moves this Court for an order requiring Defendants to tender to a computer forensic expert for imaging and analysis all portable memory devices previously attached to a CCC computer or containing CCC information, and any computers to which such devices have been attached. In support of this motion, CCC states as follows:

1.      The Individual Defendants are all former executive and management-level employees of CCC who were privy to confidential and trade secret information regarding CCC's business operations during their employment with CCC (and its predecessor ICS). Despite their continuing legal obligations to keep confidential all of CCC's trade secret and proprietary information, the Individual Defendants appear to have misappropriated a wealth of CCC's confidential information prior to resigning their employment and starting up a newly-formed competitive venture, 5 Star. Indeed, forensic examinations of the work computers used by the Individual Defendants has revealed that Defendants L. Williams, Pursel, and Mastrofrancesco each attached portable memory devices to their computers prior to leaving CCC's employ for the apparent purpose of transferring files from those computers. On information and belief, the Individual Defendants are using this unlawfully downloaded information on behalf of 5 Star. In addition, L. Williams, Pursel, and Mastrofrancesco deleted a substantial number of files from their work computers before leaving CCC.

2.      Upon learning of the Individual Defendants' misappropriation of its confidential and trade secret information, CCC immediately sought the return of its information and requested Defendants permit a qualified computer forensic expert to examine any all portable memory devices that were, at any time, connected to a computer of CCC and that are in the possession, custody or control of any of the Individual Defendants, 5 Star, or any of its employees or agents. To the extent that such portable memory devices were attached to any non-CCC computers, CCC requested that such computers also be inspected by a computer forensic expert to determine if they contain any CCC information. Defendants, however, failed to comply with these requests or provide assurances that they do not possess any such information.

3.      In addition to the harm CCC's business will suffer as result of Defendants' continued possession and use of CCC's confidential and trade secret information, continued use

of the portable memory devices and any electronic information from those devices will result in spoliation of evidence critical to this case, including metadata regarding the information stored on the portable memory devices, such as when CCC's confidential business and trade secret information was transferred and accessed by Defendants. Indeed, electronic documents and the storage media on which they reside contain relevant, discoverable information beyond that which may be found in printed documents. Due to its format, however, such electronic information is easily deleted, modified, or corrupted even by use in the ordinary course. Thus, in order to avoid spoliation, CCC seeks an order requiring the preservation of the data on the original media and any computers to which they have been attached.

4. Accessing such data for production, however, could result in spoliation of evidence. Accordingly, to minimize the risk of spoliation of relevant, electronic data and documents, CCC seeks an order requiring Defendants tender the portable storage devices and any non-CCC computers to which they have been attached to Kroll Ontrack, a qualified computer forensic expert, to create a forensic image of the data and conduct an analysis of that data to identify any information relating to CCC or this litigation.

WHEREFORE, CCC respectfully requests this Court enter order that Defendants and their respective representatives, agents, attorneys, consultants, or any other person acting in concert with or on behalf of Defendants, are ordered to

(i) tender to CCC, through Kroll Ontrack, any and all portable memory devices that were, at any time, connected to a computer of CCC and that are in the possession, custody or control of any of the Individual Defendants, 5 Star, or any of its employees or agents;

(ii) tender to CCC, through Kroll Ontract, any and all computers or portable memory devices to which any electronic documents of CCC have been transferred; and

  (iii) preserve and not dispose, delete, alter, change, or destroy any materials that may be relevant to this action or otherwise discoverable.

          CONSOLIDATED COMMERCIAL CONTROLS, INC., d/b/a ALLPOINTS FOODSERVICE PARTS & SUPPLIES


          By: /s/ Jeffrey L. Rudd_____
            One of Its Attorneys

Bonita L. Stone
Jeffrey L. Rudd
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, IL 60661
(312) 902-5200 (telephone)
(312) 902-1061 (facsimile)
#60666195

4

**CERTIFICATE OF SERVICE**

    I, Jeffrey L. Rudd, an attorney, certify that on August 8, 2008, I served a copy of the foregoing *Plaintiff's Motion for Preservation Order and Forensic Examination*, by first class mail, proper postage prepared, in the U.S. Mail located at 525 West Monroe Street, Chicago, Illinois 60661 and by overnight delivery by Federal Express, upon the following:

    Rowena A. Moffett
    Brenner, Saltzman & Wallman LLP
    271 Whitney Ave.
    New Haven, CT 06511

    5 Star Supply LLC
    5 Star Management Group, LLC
    Linda Williams
    c/o Linda Williams
    66 Hidden Hill Road
    New Hartford, CT 06057

    Clifford Williams
    66 Hidden Hill Road
    New Hartford, CT 06057

    Philip Caruso
    25 Cheryl Lane
    Prospect, CT 06712

    Stephen Pursel
    494 Spielman Highway
    New Hartford, CT 06013

    Robert G. Mastrofrancesco
    1076 Hamilton Avenue
    New Hartford, CT 06057

                            _/s/ Jeffrey L. Rudd_____
                                  Jeffrey L. Rudd