IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CONSOLIDATED COMMERCIAL CONTROLS, INC. d/b/a ALLPOINTS FOODSERVICE PARTS & SUPPLIES, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 08 CV 4388 |
| v. | ) ) | Judge Virginia Kendall |
| 5 STAR SUPPLY LLC, 5 STAR MANAGEMENT GROUP, LLC, LINDA A. WILLIAMS, CLIFFORD G. WILLIAMS II, STEPHEN J. PURSEL, PHILIP J. CARUSO, AND ROBERT G. MASTROFRANCESCO, | ) ) ) ) ) ) ) | Magistrate Judge Michael T. Mason |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
AND EXPEDITED DISCOVERY**

Plaintiff Consolidated Commercial Controls, Inc. d/b/a AllPoints Foodservice Parts & Supplies ("CCC"), by its attorneys and pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, hereby moves for entry of a preliminary injunction against Defendants Linda A. Williams, Clifford G. Williams II, Stephen J. Pursel, Philip J. Caruso, and Robert G. Mastrofrancesco (the "Individual Defendants"), 5 Star Supply LLC, and 5 Star Management Group, LLC (collectively, "5 Star"). In support of this Motion, CCC incorporates the allegations contained in its Verified Complaint for Injunctive and Other Relief, as well as its Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction, and states as follows:

1.  The Individual Defendants were formerly employed by CCC in executive and management-level positions and are now working for, or providing services to, a direct competitor in the foodservice supply industry, 5 Star. In doing so, the Individual Defendants have used or will inevitably use CCC's confidential and trade secret information on behalf of 5 Star.

2.      In connection with its investigation of this matter, CCC has discovered that three of the Individual Defendants – Linda Williams ("L. Williams"), Stephen Pursel ("Pursel"), and Robert Mastrofrancesco ("Mastrofrancesco") – each attached portable memory devices to their work computers shortly before leaving CCC's employ and appear to have transferred a substantial number of files to those devices for later use at 5 Star. Each of these Individual Defendants also deleted a substantial number of files from their work computers prior to leaving.

3.      After discovering this unlawful taking of computer files and deletions, CCC's counsel sent letters to each of the Individual Defendants reminding them of their contractual and legal obligations to CCC and specifically informed L. Williams, Pursel, and Mastrofrancesco that CCC was aware of their efforts to download files from their work computers. CCC's counsel demand that L. Williams, Pursel, and Mastrofrancesco contact CCC's counsel immediately to arrange for a forensic examination of any and all portable memory devices that have, at any time, been connected to a computer of CCC and any computers or portable memory devices to which any electronic documents of CCC have been transferred. CCC's counsel also demanded the immediate return of any and all property and hard copy documents related to the business of CCC. These Individual Defendants were also instructed that if a response was not received within five (5) business days, CCC would pursue its legal rights and seek a preliminary injunction to stop the continued misappropriation of its confidential and trade secretion information and to bar 5 Star from engaging in any activities in the foodservice supply industry.

4.      On July 24, 2008, CCC's counsel received a letter from an attorney, Rowena A. Moffett, purporting to represent 5 Star and the Individual Defendants. Enclosed with this letter was a copy of a Complaint, filed in the United States District Court for the District of Connecticut, seeking a declaratory judgment. In neither document did 5 Star or the Individual

Defendants deny they had taken information from CCC or were using that information to compete.

5. On August 1, 2008, CCC filed its Verified Complaint for Injunctive and Other Relief against the Defendants, a copy of which was sent by overnight courier to Ms. Moffett on August 4, 2008. On August 5, 2008, Summons were issued for each of the Defendants, which are in the process of being served upon the Defendants.

6. As set forth in CCC's Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction, CCC has a clearly ascertainable right which needs protection, can demonstrate a likelihood of success on the merits, and has no adequate remedy at law and will suffer irreparable injury unless a preliminary injunction is issued.

7. Accordingly, CCC seeks to schedule this matter for a preliminary injunction hearing.

8. In order to fairly present this case at a preliminary injunction hearing, CCC also seeks to conduct expedited discovery through deposition, document production, and interrogatory responses. CCC proposes:

(a) each party serve written discovery, including document requests and interrogatories, within one (1) week of the hearing of this Motion and respond to said written discovery within three (3) weeks of service;

(b) depositions proceed by notice of deposition, at dates, times and locations to be agreed upon by the parties, and continue until the date of the preliminary injunction hearing.

9. CCC has provided Defendants with notice of this Motion as set forth in the attached Certificate of Service and Notice of Motion.

WHEREFORE, for the foregoing reasons and as set forth in the Verified Complaint for Injunctive and Other Relief and the Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction, CCC respectfully requests that this Court grant its motion for expedited discovery and, following a preliminary injunction hearing, enter an order:

(a) preliminarily enjoining all Defendants from using or disclosing CCC's confidential information or trade secrets;

(b) preliminarily enjoining 5 Star, L. Williams, Pursel, and Mastrofrancesco from engaging in activities in the foodservice supply industry for a period of one year; and

(c) preliminary enjoining L. Williams, C. Williams, Caruso, and Mastrofrancesco from engaging in activities that would violate their Employee Proprietary Information Agreements;

(d) directing the Defendants to return all property of CCC in their possession, custody, or control; and

(e) awarding CCC its costs, attorneys' fees, and any further legal and equitable relief as this Court deems just and proper.

>                    CONSOLIDATED COMMERCIAL CONTROLS,
>                    INC., d/b/a ALLPOINTS FOODSERVICE PARTS
>                    & SUPPLIES
>
>
>                    By: /s/ Jeffrey L. Rudd
>                         One of Its Attorneys

Bonita L. Stone
Jeffrey L. Rudd
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, IL 60661
(312) 902-5200 (telephone)
(312) 902-1061 (facsimile)
#60666090

**CERTIFICATE OF SERVICE**

I, Jeffrey L. Rudd, an attorney, certify that on August 8, 2008, I served a copy of the foregoing *Plaintiff's Motion for Preliminary Injunction and Expedited Discovery*, by first class mail, proper postage prepared, in the U.S. Mail located at 525 West Monroe Street, Chicago, Illinois 60661 and by overnight delivery by Federal Express, upon the following:

Rowena A. Moffett
Brenner, Saltzman & Wallman LLP
271 Whitney Ave.
New Haven, CT 06511

5 Star Supply LLC
5 Star Management Group, LLC
Linda Williams
c/o Linda Williams
66 Hidden Hill Road
New Hartford, CT 06057

Clifford Williams
66 Hidden Hill Road
New Hartford, CT 06057

Philip Caruso
25 Cheryl Lane
Prospect, CT 06712

Stephen Pursel
494 Spielman Highway
New Hartford, CT 06013

Robert G. Mastrofrancesco
1076 Hamilton Avenue
New Hartford, CT 06057

　　　　　　　　　　　　　　　　　　　　　　_/s/ Jeffrey L. Rudd_____
　　　　　　　　　　　　　　　　　　　　　　　　　Jeffrey L. Rudd