IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CONSOLIDATED COMMERCIAL CONTROLS, INC. | : | CASE NO. 1:08-cv-04388 |
| Plaintiff, | : | Honorable Virginia M. Kendall |
| v. | : | |
| 5 STAR SUPPLY LLC, et al. | : | |
| Defendants. | : | AUGUST 29, 2008 |

### DECLARATION OF PHILIP J. CARUSO

I, Philip J. Caruso, state under the pains and penalties of perjury as follows:

1. I am over the age of eighteen (18) and understand my obligation when making a statement to this Court under the pains and penalties of perjury.

2. I reside in and am a citizen of the State of Connecticut. At the time of Plaintiff's acquisition of ICS, I had been employed by ICS for approximately twenty-five (25) years as Warehouse Manager. As Warehouse Manager for ICS, I was responsible for overseeing all warehouse functions. After Plaintiff's acquisition of ICS, my title remained unchanged, but I lacked the hiring authority that I previously enjoyed at ICS. Following the acquisition, I also was informed that I would have to travel to Chicago regularly as part of my job duties, which I was unwilling to do because I am the primary caregiver for my child.

3. Due to dissatisfaction with Plaintiff's operation of the former ICS and my desire not to work for a Chicago-based entity, I determined to resign my employment with Plaintiff. I resigned my employment with Plaintiff effective June 24, 2008.

4. At no time was I a party to an employment contract with either ICS or Plaintiff. I was not subject to any post-employment restrictions regarding competition or solicitation of

employees or customers of ICS or Plaintiff. Having no such limitations, after resigning from Plaintiff's employ, I became employed by Defendant 5 Star Supply LLC.

5. I did not misappropriate any confidential or trade secret information of Plaintiff, and I have not and will not utilize any confidential or trade secret information of Plaintiff in connection with my new employment.

6. Plaintiff failed to pay me for my unused vacation days following the termination of my employment with Plaintiff.

7. I do not own any property or maintain any bank accounts in Illinois.

8. Other than in the course of my employment, I has never been to the state of Illinois or transacted any business there.

9. After Plaintiff's acquisition of ICS, I was required to attend a management meeting at Plaintiff's home office in Chicago, Illinois in November 2007.

10. In addition to the November management meeting, I was required to attend meetings at Plaintiff's home office on one (1) other occasion.

11. Other than the foregoing limited visits, which were undertaken at the direction of and for the benefit of Plaintiff, I have not visited Illinois for any purpose whatsoever.

12. Since my resignation from Plaintiff's employ, I have not conducted business in Illinois; I do not maintain an office or employees within Illinois; I have not sent agents into Illinois to conduct business; I have not advertised or solicited business in Illinois; and I have not designated an agent for service of process in Illinois.

The foregoing statements were made under the pains and penalties of perjury.

_Philip J. Caruso_ (signature)   8/29/08
Philip J. Caruso                 Date