IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED COMMERCIAL CONTROLS, INC. | CASE NO. 1:08-cv-04388 |
| Plaintiff, | Honorable Virginia M. Kendall |
| v. | |
| 5 STAR SUPPLY LLC, et al. | |
| Defendants. | AUGUST 29, 2008 |

## DECLARATION OF LINDA A. WILLIAMS

I, Linda A. Williams, state under the pains and penalties of perjury as follows:

1. I am over the age of eighteen (18) and understand my obligation when making a statement to this Court under the pains and penalties of perjury.

2. I am a member of 5 Star Management Group, LLC.

3. I reside in and am a citizen of the State of Connecticut.

4. At the time of Plaintiff's acquisition of ICS, I had been employed by ICS for approximately nine (9) years as CFO/COO. As CFO/COO of ICS, I was responsible for overseeing all operational and financial functions of ICS. After the acquisition of ICS by Plaintiff, my title was changed to COO only (I was stripped of my chief financial officer responsibilities), I reported to Plaintiff's President at its headquarters in Chicago, and my responsibilities were limited to the operational functions of Plaintiff's facilities. I was advised that, following the acquisition, I would be required to travel extensively to Plaintiff's headquarters in Chicago in order to carry out my job responsibilities; something which for personal and health-related reasons, I was unwilling to do.

5. Defendant 5 Star Supply LLC is a limited liability company organized under the laws of the State of Connecticut having its principal place of business in the State of Connecticut. 5 Star Supply LLC is a distributor of foodservice replacement parts and supplies. Defendant 5 Star Management Group, LLC also is a limited liability company organized under the laws of the State of Connecticut having its principal place of business in the State of Connecticut, and is a member of 5 Star Supply LLC. 5 Star Management Group, LLC has no business operations other than its ownership interest in 5 Star Supply LLC. Neither 5 Star Supply LLC nor 5 Star Management Group, LLC has any members located in Illinois.

6. Due to dissatisfaction with Plaintiff's operation of the former ICS and my desire not to work for a Chicago-based entity, I determined to resign my employment with Plaintiff. I resigned my employment with Plaintiff effective April 10, 2008.

7. At no time was I a party to an employment contract with either ICS or Plaintiff. I was not subject to any post-employment restrictions regarding competition or solicitation of employees or customers of ICS or Plaintiff. Having no such limitations, after resigning from Plaintiff's employ, I became employed by Defendant 5 Star Supply LLC.

8. Neither I, nor to my knowledge did any of the other Defendants, misappropriate any confidential or trade secret information of Plaintiff. Neither I, nor 5 Star Supply LLC nor 5 Star Management Group, LLC, have or will utilize any confidential nor trade secret information of Plaintiff in connection with the Defendants' new business venture.

9. Up until my resignation, I routinely worked from home in the fulfillment of my duties for Plaintiff and had occasion to transport information on portable memory devices in furtherance of same. I did copy a number of personal files from my work computer upon my

resignation, but this was with the express knowledge and permission of Plaintiff's IT manager, Paul Cohen.

10. Paul Cohen accessed Defendants' computers with great regularity prior to Defendants' resignation and had access to Defendants' passwords.

11. 5 Star Supply LLC has developed its own customer list, supplier contacts, catalog and pricing through the use of publicly available information, and without utilizing any confidential or trade secret information of Plaintiff.

12. Plaintiff paid me for unused vacation days following the termination of employment with Plaintiff.

13. Neither I, nor 5 Star Supply, LLC or 5 Star Management Group, LLC, owns any property or maintains any bank accounts in Illinois.

14. ICS, was a Connecticut limited liability company, based in Connecticut, with no operations in Illinois.

15. Other than in the course of my employment, I have never been to the state of Illinois or transacted any business there.

16. After Plaintiff's acquisition of ICS, I was required to attend a management meeting at Plaintiff's home office in Chicago, Illinois in November 2007. I thereafter was required to attend meetings at Plaintiff's home office on four (4) other occasions, the last being in January 2008. I also was required to attend the company's holiday party in Illinois in December 2007. Four years earlier, I attended a seminar in Illinois in the course of my duties with my former employer, ICS.

17. Other than the foregoing limited visits, which were undertaken at the direction of and for the benefit of Plaintiff or its predecessor in interest, I have not visited Illinois for any purpose whatsoever.

18. With respect to the company defendants, neither entity has (or ever has had) operations based in or customers located in Illinois. Since my resignation from Plaintiff's employ, neither I, nor 5 Star Supply LLC or 5 Star Management Group, LLC, has made any product sales in Illinois; we do not maintain an office or employees within Illinois; we have not sent agents into Illinois to conduct business; we have not advertised or solicited business in Illinois; and we have not designated an agent for service of process in Illinois. Id.

The foregoing statements were made under the pains and penalties of perjury.

_____    8-29-08
Linda A. Williams                  Date