IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED COMMERCIAL CONTROLS, INC. : | |
| : | CASE NO. 1:08-cv-04388 |
| Plaintiff, : | Honorable Virginia M. Kendall |
| : | |
| v. : | |
| : | |
| 5 STAR SUPPLY LLC, et al. : | |
| : | |
| Defendants. : | AUGUST 29, 2008 |

## DECLARATION OF STEPHEN J. PURSEL

I, Stephen J. Pursel, state under the pains and penalties of perjury as follows:

1. I am over the age of eighteen (18) and understand my obligation when making a statement to this Court under the pains and penalties of perjury.

2. I reside in and am a citizen of the State of Connecticut. At the time of Plaintiff's acquisition of ICS, I had been employed by ICS for approximately sixteen (16) years as Executive of Product Development. As Executive of Product Development of ICS, I was responsible for creating and maintaining the annual catalog. After Defendant's acquisition of ICS, I reported to Defendant's General Manager located in Chicago and I no longer had final decision making authority.

3. Prior to my employment with ICS, I worked for 2 other companies in the industry for a total of 17 additional years.

4. Due to dissatisfaction with Plaintiff's operation of the former ICS and my desire not to work for a Chicago-based entity, I determined to resign my employment with Plaintiff. I resigned my employment with Plaintiff effective April 23, 2008.

m:\docs\05799\001\ac3199.doc

5. At no time was I a party to an employment contract with either ICS or Plaintiff. I was not subject to any post-employment restrictions regarding competition or solicitation of employees or customers of ICS or Plaintiff. Having no such limitations, after resigning from Plaintiff's employ, I became employed by Defendant 5 Star Supply LLC.

6. I did not misappropriate any confidential or trade secret information of Plaintiff, and I have not and will not utilize any confidential or trade secret information of Plaintiff in connection with my new employment.

7. Plaintiff paid me for my unused vacation days following the termination of my employment with Plaintiff,

8. Up until my resignation, I routinely worked from home in the fulfillment of my duties for Plaintiff and had occasion to transport information on portable memory devices in furtherance of same.

9. Paul Cohen accessed Defendants' computers with great regularity prior to Defendants' resignation and had access to Defendants' passwords.

10. I do not own any property or maintain any bank accounts in Illinois.

11. Other than in the course of my employment, I has never been to the state of Illinois or transacted any business there

12. After Plaintiff's acquisition of ICS, I was required to attend a management meeting at Plaintiff's home office in Chicago, Illinois in November 2007. I never visited Plaintiff's home office again after the initial management meeting.

13. In furtherance of my employment with ICS and a prior employer, I also attended a trade show in Illinois three (3) times in the past twenty-seven (27) years. I did not attend the trade show in the past ten (10) years.

14. Other than the foregoing limited visits, which were undertaken at the direction of and for the benefit of Plaintiff and my other former employers, I have not visited Illinois for any purpose whatsoever.

15. Since my resignation from Plaintiff's employ, I have not conducted business in Illinois; I do not maintain an office or employees within Illinois; I have not sent agents into Illinois to conduct business; I have not advertised or solicited business in Illinois; and I have not designated an agent for service of process in Illinois.

The foregoing statements were made under the pains and penalties of perjury.

_____          _8-29-08_
Stephen J. Pursel                          Date